UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENA A. DIGGS,

        Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

Case No. 16-10719

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER ADOPTING REPORT AND RECOMMENDATION [17]; OVERRULING PLAINTIFF'S OBJECTION [18]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]; AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]**

Plaintiff Jena Diggs seeks judicial review of the decision of an Administrative Law Judge ("ALJ") denying her application for disability benefits. Plaintiff filed a Motion for Summary Judgment [Dkt. 14] on July 8, 2016. Defendant filed a Motion for Summary Judgment [15] on July 20, 2016. On January 30, 2017, the Magistrate Judge issued a Report and Recommendation [17] recommending that the Court grant Defendant's motion and deny Plaintiff's motion. Timely objections and a response to the objections were filed in this matter. [18, 19].

For the reasons stated below, the Court **ADOPTS** the Report and Recommendation [17]. Plaintiff's Objection to the Report and Recommendation [18] is **OVERRULED**. Defendant's Motion for Summary Judgment [15] is **GRANTED**. Plaintiff's Motion for Summary Judgment [14] is **DENIED**.

FACTUAL BACKGROUND

The R&R summarized the record as follows:

## I. Background

### A. Diggs's Background and Claimed Disabilities

Born February 22, 1966, Diggs was 47 years old when she submitted her applications for disability benefits on October 24, 2013. [ECF No. 11-3, Tr. 87]. She has a high school education, and has past relevant work as an office manager and dental assistant; she held these positions while working in a dental office from October 2000 to October 2013. [ECF No. 11-2, Tr. 58-60; ECF No. 11-6, Tr. 231]. Diggs alleges that she is disabled by cardiomyopathy, Graves' disease, kidney failure, emotional problems, learning problems, thyroid problems, and arthritis in spine and hands, with an onset date of October 1, 2013.1 [ECF No. 11-3, Tr. 87]. During testimony, Diggs also alleged episodes of memory loss and mental confusion. [ECF No. 11-2, Tr. 64; ECF No. 14, PageID 527].

After a hearing on June 16, 2015, which included the testimony of Diggs and a vocational expert ("VE"), the ALJ found that Diggs was not disabled. [ECF No. 11-2, Tr. 40-8, 53-86]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-4]. Diggs timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

DIB and SSI are available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial

gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Diggs was not disabled. At step one, he found that Diggs had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 11-2, Tr. 42]. At step two, he found that Diggs had the severe impairments of "cardiomyopathy, Graves' disease, hypertension, kidney disease, and right foot fracture." [*Id.*]. At step three, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 43].

Between the third and fourth steps, the ALJ found that Diggs had the RFC to perform sedentary work with the following exception:

> [T]he claimant is limited to simple, routine, repetitive tasks free of fast-paced production requirements involving only simple, work related decisions and routine work place changes. She cannot have exposure to temperature extremes, moving machinery, or unprotected heights. She can occasionally bend, turn, couch, stoop, climb, crawl and kneel. She cannot walk greater than one city block.

[ECF No. 11-2, Tr. 43]. At step four, the ALJ found that Diggs could not perform any past relevant work. [*Id.*, Tr. 46]. With the assistance of VE testimony [*Id.*, Tr. 81], the ALJ determined at step five that based on Diggs's age, education, work experience and RFC, she could perform the requirements of representative occupations such as document preparer, call-out operator, and table worker, and that those jobs existed in significant

numbers in the economy, rendering a finding that she was not disabled. [*Id.*, Tr. 47].

### STANDARD OF REVIEW

The Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c).

Judicial review of a decision by a Social Security ALJ is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984)). However, so long as the ALJ's conclusion is supported by substantial evidence, a court must "defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion."

*Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also*

*Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

**ANALYSIS**

Plaintiff contends that the ALJ failed to completely develop the record

pursuant to 20 C.F.R. § 404.1512(d); that this matter should be remanded for

consideration of new evidence pursuant to 42 U.S.C. § 405(g); and that the

Magistrate Judge misunderstood her reference to the weight attributable to the

opinion of Dr. B.D. Choi, a medical consultant with Disability Determination

Services. The Court will address each of her arguments in turn.

## I. The ALJ fully developed the administrative record and was not required to re-contact Dr. Jones to clarify his opinion that Plaintiff was unable to work.

Plaintiff's first objection – that the law and Social Security regulations

required the ALJ to re-contact Dr. Donald Jones, her primary care physician,

regarding his opinion that Plaintiff was unable to work – is merely an attempt to

repeat the arguments previously raised in her motion for summary judgment. "The

Court is not obligated to address objections made in this form because the

objections fail to identify the *specific* errors in the magistrate judge's proposed

recommendations." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3

(W.D. Mich. Mar. 28, 2013) (emphasis in original). Plaintiff's claim still fails even

if the Court were to reach the merits. "The burden of providing a complete record,

Page **5** of **11**

defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). As the Magistrate Judge correctly highlighted, the regulations give ALJs discretion to decide whether to re-contact medical sources. 20 C.F.R. §§ 404.1520b(c), 416.920b(c); *Hollis v. Comm'r of Soc. Sec.*, No. 13-13054, 2015 WL 357133, at *23 (E.D. Mich. Jan. 27, 2015). Therefore, Plaintiff was responsible for ensuring "that Dr. Jones's opinion adequately described her limitations and the bases for such, and the ALJ was not required to recontact Dr. Jones to correct any deficiencies of that opinion." (R&R at 8); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of a disability.").

## II.   Remand under sentence six of 42 U.S.C. § 405(g) for consideration of Dr. Michael Czarnota's report is not warranted.

Plaintiff next argues that this matter should be remanded under sentence six of 42 U.S.C. § 405(g). Her claim is based on the fact that after the ALJ rendered his decision, in which he determined that Plaintiff lacked objective evidence of a memory impairment, she submitted to the Appeals Council a report from Dr. Michael Czarnota, Ph.D. According to the report, Plaintiff's test results "contained evidence for motor slowing, impaired perceptual reasoning and verbal list learning limitations." (Dkt. 11-2, Tr. 31-33). A sentence six remand is necessary, Plaintiff

Page **6** of **11**

says, because the ALJ should consider whether Dr. Czarnota's report is adequate to prove a memory impairment.

Plaintiff bears the burden of showing that a remand is appropriate, and the Sixth Circuit has made clear that federal judges' discretion to remand for reconsideration of new evidence is limited. *See Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (per curiam)). Generally, "evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Cline v. Comm'r of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996). In certain circumstances, however, the Court can remand the case for further administrative proceedings in light of such evidence. Remand under sentence six of § 405(g) is appropriate "only upon a showing that there is new evidence which is material and that there is a good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Sixth Circuit has explained that "evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence is "material only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Foster*, 279 F.3d at 357 (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865

F.2d 709, 711 (6th Cir. 1988)). Plaintiff can show good cause by "demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (citing *Willis*, 727 F.2d at 554).

Plaintiff claims that the Magistrate Judge improperly "replace[d] the ALJ's consideration and analysis of what does [sic] Dr. Czarnota's objective findings tend to prove." (Pl.'s Obj. at 4). She also asserts that the Magistrate Judge speculated in her materiality analysis, and more specifically, that the Magistrate Judge should have remanded the case to the ALJ to determine whether he would "give credence and weight to the doctor's test results and thereby change his conclusions." *Id.*

Plaintiff's arguments have no merit. The Magistrate Judge had to consider the substance of the new evidence – here, Dr. Czarnota's report – so that she could determine whether such evidence was material. *Foster*, 279 F.3d at 357. Furthermore, after reviewing the record and Dr. Czarnota's report, the Court agrees with the Magistrate Judge's finding that Plaintiff exaggerates the gravity of her situation. Dr. Czarnota observed Plaintiff to be "well-groomed" and "fully oriented" during their meeting, and he found that "[h]er thought processes were logical and coherent." (Dkt. 11-2 at 32). There was "no evidence for current hallucinations, delusions or suicidal intent" and he noted that Plaintiff "responded

to an objective measure of psychological function (MMPI-2) in a manner suggesting a consistent willingness to acknowledge and perhaps exaggerate her difficulties." *Id.* As indicated by the Magistrate Judge, there is nothing in the report about Plaintiff suffering from "significant memory loss or mental health deficits that would lead the ALJ to have reached a different decision." (R&R at 11). The ALJ certainly recognized Plaintiff's problems; he acknowledged that "her physical issues may have caused confusion and concentration issues, and therefore, provided mental limitations in the RFC." (Dkt. 11-2 at 43). Contrary to Plaintiff's position, however, Dr. Czarnota's findings would not have convinced the ALJ to impose a more restrictive RFC, and thus, Plaintiff has not shown materiality under § 405(g).

Lastly, although not addressed by Plaintiff in either her motion for summary judgment or her objection to the Report and Recommendation, Plaintiff has not met the good cause requirement. "[G]ood cause is shown for remand if the new evidence arises from continued medical treatment of the condition and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Sec'y of Health & Human Servs.*, 1986 WL 17488, at *2 (6th Cir. 1986). The Court agrees with the Magistrate Judge and finds that Dr. Czarnota's report was generated for the impermissible purpose of attempting to prove disability, given

the fact that Dr. Czarnota wrote the report three years after Plaintiff's possible

stroke or seizure.[1]

### III.  Plaintiff suffered no harm from the Magistrate Judge's alleged misunderstanding of her argument.

Plaintiff's final objection is to the Magistrate Judge's Report and

Recommendation is confusing. She states:

> The Magistrate Judge misinterprets plaintiff's allusion to Dr. Choi's opinion. The Magistrate Judge read plaintiff's argument about Dr. Choi to say that she objected to the weight given it by the ALJ. (Report and Recommendation page 15) The plaintiff was confabulating the ALJ for not giving any weight to Dr. Choi's ridiculous overly robust RFC opinions. *Even the ALJ did not fully credit that opinion. (R. 11-2 Tr. 46)* (Plaintiff's Brief page 8 of 24).

(Pl.'s Obj. at 8).

The Court finds that Plaintiff has forfeited whatever argument she intended

to present for failure to develop it. *See e.g., Hayward v. Cleveland Clinic Found.*,

759 F.3d 601, 618 n.9 (6th Cir. 2014) (citing *McPherson v. Kelsey*, 125 F.3d 989,

995–96 (6th Cir. 1997)). Additionally, Plaintiff has not shown how she was

harmed by the Magistrate Judge's alleged misinterpretation of her argument. *See*

*Shinseki, Secretary of Veterans Affairs v. Sanders*, 556 U.S. 396, 409 (2009)

("[T]he burden of showing that an error is harmful normally falls upon the party

attacking the agency's determination.").

---

[1] Plaintiff states that the referral to Dr. Czarnota "was occasioned by [her] issues of reported memory loss possibly related to a 2012 stroke or seizure. (Dkt. 14 at 18).

CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation [17] is **ADOPTED** and entered as the findings and conclusions of the Court. Plaintiff's Objection to the Report and Recommendation [18] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [15] is **GRANTED**. Plaintiff's Motion for Summary Judgment [14] is **DENIED**.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow
Dated: March 16, 2017          Senior United States District Judge